UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-03172-CAS<br>2:16-cv-03178-CAS | Date | August 26, 2016 |
|---|---|---|---|
| Title | *In re BGM Pasadena, LLC* | | |
| | Bankruptcy No.: 2:15-bk-27833-BB | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) - APPELLANT BGM PASADENA LLC'S MOTION TO DISMISS BANKRUPTCY APPEALS (Dkt. 17, filed July 12, 2016)

## I. INTRODUCTION & BACKGROUND

On April 21, 2016, the bankruptcy court in bankruptcy case no. 2:15-BK-27833-BB ("the bankruptcy case") entered orders granting secured creditor Pasadena, Apts-7, LLC's ("PA7," "creditor," or "appellee") motions for relief from the automatic stay proscribed by 11 U.S.C. § 362. See Bankruptcy Dkts. 188, 189. On April 22, 2016, debtor BGM Pasadena, LLC ("BGM," "the debtor," or "appellant") filed an Emergency Motion for Stay Pending Appeal with the Bankruptcy Court. See Bankruptcy Dkt. 191. On April 27, 2016, the bankruptcy court denied the debtor's motion for a stay pending appeal and entered a Memorandum Decision Regarding Motion for Stay Pending Appeal. Bankruptcy Dkts. 202, 201.

On May 3, 2016, appellant BGM filed its Notices of Appeal. See B.A.P. Case Nos. 16-1127, 16-1126. On May 5, 2016, appellee PA7 filed its Elections to Proceed in District Court. Appeal Nos. 16-03172 and 16-03178.

On May 12, 2016, appellant BGM filed an "Emergency Motion for a Stay Pending Appeal." See District Ct. Dkt. (hereinafter, "Dkt.") 7. ("Motion"). On May 17, 2016, appellee PA7 filed an opposition to appellant's emergency motion. Dkt. 8 ("Opp'n"). In an order dated June 2, 2016, the Court denied debtor-appellant BGM's "Emergency Motion for Stay Pending Appeal" and further lifted the Court's temporary stay (dkt. 10,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:16-cv-03172-CAS<br>2:16-cv-03178-CAS | Date | August 26, 2016 |
|---|---|---|---|
| Title | *In re BGM Pasadena, LLC* | | |

entered May 19, 2016) of the bankruptcy court's Orders Granting Motions for Relief of the Automatic Stay Under 11 U.S.C. § 362, Bankruptcy Docket Nos. 188 and 189.

    On July 12, 2016, appellant BGM filed the instant motion to dismiss this bankruptcy appeal as moot. Dkt. 17. In its motion, appellant avers that the foreclosure sale was ultimately scheduled for June 7, 2016, and on June 6, 2016, the debtor "tendered payment to appellee with funds obtained from a third party in the amount of the demand." Id. Appellant further asserts that "[p]ayment of the demand averted the imminent foreclosure and rendered this appeal moot." Id. Accordingly, appellant requests an order "dismissing the within appeal as moot with each party to bear its own costs and fees, and for such other and further relief as the Court deems proper." Id.

    On July 13, 2016, appellee filed a limited objection to the instant motion, stating, in relevant part, as follows:

> PA7 agrees that these appeals should be dismissed. However, the Loan Documents that were the subject of these appeals include provisions allowing the lender to recover all costs, attorney fees and expenses incurred in collecting the debts. Furthermore, the parties have agreed to arbitrate any disputes with respect to entitlement to costs, attorney fees and expenses under the Loan Documents. Therefore, it would be inappropriate for the dismissal order to provide that the parties to the appeal are to bear their own costs and fees with respect to the appeal. Rather, if the dismissal order is to say anything on this issue, PA7 contends that it should provide that the parties' costs, attorney fees and expenses may be determined in accordance with the provisions of the Loan Documents and applicable state law by any tribunal of competent jurisdiction.

Dkt. 18.

    However, appellee did not attached to its opposition the "Loan Documents that were the subject of these appeals." Nor did appellee highlight any "provisions [in said Loan Documents] allowing the lender to recover all costs, attorney fees and expenses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-03172-CAS<br>2:16-cv-03178-CAS | Date | August 26, 2016 |
| Title | *In re BGM Pasadena, LLC* | | |

incurred in collecting the debts," or provide a copy of any agreement "to arbitrate any disputes with respect to entitlement to costs, attorney fees and expenses under the Loan Documents." Accordingly, in an order dated August 15, 2016, the Court requested supplemental briefing on the issue, which the parties subsequently filed. See Dkt. 19 ("PA7 Supp."), 20 ("BGM Supp.").

## II.   DISCUSSION

Federal Rule of Bankruptcy Procedure 8021 provides that if a bankruptcy appeal to a district court is dismissed, "costs are taxed against the appellant, unless the parties agree otherwise," and section (d) of that rule provides a procedure for obtaining said costs in the bankruptcy court. See Fed. R. Bankr. P. 8021(a)(1), (d). Here, "[b]ecause the parties did not agree otherwise in this case, the award of costs against [BGM] is appropriate." Merrill v. Vector Arms, Corp., 2016 WL 4430651, at *1 (D. Utah Aug. 17, 2016); see also Vaneck v. DLJ Mortgage Capital, Inc., 2016 WL 386027, at *5 (D. Conn. Feb. 1, 2016) (granting appellee's motion to dismiss the appeal as moot and stating that, pursuant to Fed. R. Bankr. P. 8021(d), appellee "may, if it wishes, file a bill of costs with the Bankruptcy Court for both appeals").

In addition, a federal district court hearing an appeal of a bankruptcy court's decision "may award damages, such as attorney's fees[, but] only where the appeal is frivolous." In re Ormsby, 2008 WL 4372427, at *1 (E.D. Cal. Sept. 24, 2008); see Fed. R. Bankr. P. 8020(a) ("If the district court or BAP determines that an appeal is frivolous, it may, *after a separately filed motion or notice from the court and reasonable opportunity to respond*, award just damages and single or double costs to the appellee.") (emphasis added). Here, no motion pursuant to Fed. R. Civ. P. 8020 has been filed and, in any event, the award of any damages, including attorneys' fees, to PA7 under the Federal Rules of Bankruptcy Procedure would be inappropriate, as BGM's appeal was not frivolous. See Nelson v. Jackson, 2016 WL 3940205, at *9 n.9 (D. Md. July 20, 2016).

## III.   CONCLUSION

In accordance with the foregoing, appellant BGM's motion to dismiss these bankruptcy appeals as moot is **GRANTED** in part and **DENIED** in part. Specifically,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-03172-CAS<br>2:16-cv-03178-CAS | Date | August 26, 2016 |
|---|---|---|---|
| Title | *In re BGM Pasadena, LLC* | | |

the instant appeals—Case Nos. 2:16-cv-03172-CAS and 2:16-cv-03178-CAS—are hereby **DISMISSED AS MOOT**. Pursuant to Federal Rule of Bankruptcy Procedure 8021(d), appellee PA7 may, if it wishes, file a bill of costs with the bankruptcy court for both appeals.

IT IS SO ORDERED.

00 : 00

Initials of Preparer        CMJ